JOHN J. DUFFIELD, Respondent, *against* THOMAS JOHNSTON, Appellant.

(Decided February 6th, 1882.)

C., having contracted to furnish and set the brown stone work upon eight houses for the defendant, an arrangement was made between them and the plaintiff, a dealer in brown stone, that the plaintiff should furnish the stone required for the houses, on C. giving him an order for the price, accepted by the defendant. Such an order, requesting the defendant to pay to the plaintiff or order "the sum of $400 when the stoops of the said eight houses are set, and the sum of $375 when the brown stone work of the said houses is completed, and charge the same to me," was signed by C. and accepted by the defendant and delivered to the plaintiff, who thereupon furnished the stone. In an action by plaintiff upon the order for the sums above mentioned, it appeared that the stoops were, in fact, set, and the brown stone work completed, by other persons employed by the defendant, after C. had abandoned the contract. *Held*, that the plaintiff was not entitled to recover those sums from the defendant.

APPEAL from a judgment of the general term of the Marine Court of the City of New York, affirming a judgment of that court entered upon a verdict of a jury rendered by direction of the court.

The facts are stated in the opinion.

*Lewis Hurst,* for appellant.

*I. T. Williams,* for respondent.

VAN BRUNT, P. J.—The defendant in this action gave a contract to furnish and set the brown stone work upon eight houses he was building, to one William G. Chave. Chave applied to the plaintiff, a dealer in brown stone, to furnish the same. The plaintiff declined to do so; thereupon it was arranged that the plaintiff should furnish the stone, and that Chave should give an order upon the defendant, who would accept the same for the sum which the brown stone should amount to, which order was in the following words : "Please pay to J. J. Duffield or order the sum of $400 when the stoops of the said eight houses are set, and the sum of $375 when the brown stone work of said houses is completed, and charge the same to me," signed, "W. G. Chave." The plaintiff thereupon furnished brown stone to the extent of $1,441 of which $666 was paid. The plaintiff proved the contract to accept the order, its acceptance, the delivery of the stone, and that the stoops were set and the brown stone work completed prior to the commencement of this action. The defendant proved (which was undisputed) that the stoops were not set and that the brown stone work was not completed by Chave, but by some other persons in the employment of the defendant : and the only question presented in this case was whether it was necessary, in order to render the defendant liable, that this should have been done by Chave.

It is urged by the respondent that the order upon its face does not say so, and that it is not apparent from the writing that Chave had a contract to do the work, or that he was under any obligation to do the work, and that such a provision cannot be interpolated into the order.

It is difficult to see, if we are to be confined entirely to the wording of the order, how the plaintiff would have a right to prove a consideration for the order, which was absolutely

necessary to entitle him to a recovery thereon; and in order to prove that consideration we have the fact established of Chave's contract to furnish and set the brown stone upon the eight houses, and that it was in contemplation of that contract, and the fact that the plaintiff was to furnish the stone to enable Chave to complete his contract, that the order in question was given.

With those facts before us, the conclusion is inevitable from the language of the order that it was intended that the order should apply to the money which should become due to Chave under his contract, and that it was a mere assignment by Chave of so much of such money in order to pay for the brown stone which was to be furnished, to complete his contract.

The language of the order is "Please pay to J. J. Duffield," &c., so much money, "and charge the same to me," and that order, although accepted by the defendant, was accepted upon certain conditions which are to be interpreted in view of the light of the relations existing between the parties, and the condition was when the work should be in a certain state of completion. It was evidently the understanding of the parties that that state of completion related to the performance by Chave of his contract, otherwise what would be the result? The brown stone would be furnished to Chave, he could divert it to some other purpose, and not put it in the defendant's buildings at all, and although the defendant under those circumstances would be compelled to have bought other brown stone, and completed the work himself, yet when it was completed he would be liable under his order. The fact was, there was no consideration whatever for the order unless Chave became entitled to the money for having performed the work mentioned in the order.

Under these circumstances the case is not at all parallel to those in which, the consideration being expressed, the whole of the contract being contained in the instrument, and no evidence being necessary to establish the right of the plaintiff to recover thereon, no outside testimony can be considered in interpreting the contract. In this case, as has been already observed, the very fact of proving the consideration proves the fact

that this order was intended, simply because of the relations of the parties one to the other, as an assignment by Chave to the man who furnished the brown stone, of so much money which was to be due to Chave under his contract ; therefore, we think that the fact that the defendant finished the work himself, no money being due to Chave, did not entitle the plaintiff to recover upon the completion of the work.

The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event.

BEACH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.